J-A07019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FRANCESCA V. GURECKA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT W. CARROLL AND HOLLY LACEY CARROLL | |
| Appellants | No. 1301 WDA 2014 |

Appeal from the Order Entered July 11, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD 11-024656

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

DISSENTING MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 09, 2015**

I must respectfully dissent.  The Majority correctly states the issue, *i.e.*, whether an easement by implication was created in 1956.  The trial court correctly answers the question stating "[T]he array of manholes in the rear of the [Carrolls'] property does place the [the Carrolls] on notice of a network of sewer lines coming onto and crossing their property."  Trial Court Opinion (TCO), 7/11/14, at 8.

Manholes appearing on the lower portions of one's property can only mean one thing; sewer lines are running across the property.  Manholes are not placed on property indiscriminately and for decoration purposes.  They are placed there to give access to sewer line connections.  One does not need an affidavit or citation to the law to establish this fact.  It is common

knowledge to any property owner living in the hills of western Pennsylvania. The Honorable Michael A. Della Vecchia of Allegheny County, who viewed the property, recognized this fact and based his ruling on it.

The Majority did not visit the subject property and now second guesses Judge Della Vecchia's finding after he visited the property. Based upon this visit, Judge Della Vecchia found "the subject sewer, and for that matter the network of sewers in the area of the Defendants' property to be open, visible and permanent." TCO, at 8. Gurecka did not need to provide more.

Accordingly, I must dissent because the Majority is essentially reweighing the trial court's finding without having ever visited the subject property.